NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0072n.06

No. 12-1139

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 15, 2013*
DEBORAH S. HUNT, Clerk

|  |  |
|---|---|
| PHILIP S. CONNOR AND CAROLYN H. CONNOR, | ) ) ) ) |
| Debtors-Appellees, | ) ) ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) |
| KRISPEN S. CARROLL, | ) ) |
| Trustee-Appellant. | ) |

Before:  NORRIS, GIBBONS and DONALD, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**  The debtors in this case, Philip S. Connor and Carolyn H. Connor, filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.  The bankruptcy court determined that proceeds from settlement of a personal injury lawsuit that was pending at the time the Connors filed their petition should be characterized as "disposable income" pursuant to 11 U.S.C. § 1325(b).  The district court subsequently reversed that determination and this appeal followed.

A district court's determination of whether funds should be considered "disposable income" is a conclusion of law, which we review *de novo*.  *See Hamilton v. Lanning (In re Lanning)*, 545 F.3d 1269, 1274 (10th Cir. 2008), *aff'd* 130 S. Ct. 2464 (2010).  The district court held that the personal injury proceeds in this case were neither known nor virtually certain at the time of

-1-

confirmation of the plan and that therefore they could not be considered to be disposable income in

the aftermath of the Supreme Court's decision in *Lanning*, 130 S. Ct. 2464. Because the district

court thoroughly articulated its reasoning for reversing the bankruptcy court on the record presented

in this case, a detailed written opinion from this Court would be unnecessarily duplicative.[1] We

therefore AFFIRM the Order issued January 23, 2012, by the Honorable Julian Abele Cook, Jr., on

the basis of the reasoning contained in that order.

---

[1] At oral argument, the trustee appeared to argue that the amount of personal injury proceeds were, in fact, known at the time of confirmation. However, this contention lacks evidentiary support in the record on appeal.